

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Workman v. Nemours Fndtn Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Workman v. Nemours Fndtn Inc" (2008). *2008 Decisions.* Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3538

_____

DIANE WORKMAN; ROBERT WORKMAN,
as administrators of the estate of Ashley Workman, a minor, deceased;
DIANE WORKMAN; ROBERT WORKMAN,
individually and in their own right,
*Appellants*,

v.

THE NEMOURS FOUNDATION and
WILLIAM I. NORWOOD, M.D., Ph.D.,
*Appellees.*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Civ. No. 06-cv-00743)
District Judge: Honorable Gene E.K. Pratter

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2008

_____

Before: McKee and Garth, *Circuit Judges*, and RODRIGUEZ, *District Judge*[*]
(Opinion Filed:  May 19, 2008)

_____

**OPINION**

_____

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the District of
New Jersey, sitting by designation.

GARTH, *Circuit Judge*:

This is one in a series of many cases alleging medical malpractice against The Nemours Foundation and one of its former cardiac surgeons, Dr. William I. Norwood. In this lawsuit, Diane Workman and Robert Workman sued The Nemours Foundation and Dr. Norwood on behalf of their daughter, Ashley Workman. They claim that Dr. Norwood was negligent when he operated on their daughter, causing her death. The gravamen of the Workmans' suit is that Dr. Norwood's use of a controversial cooling technique on Ashley fell below the appropriate standard of care.

In a well-reasoned and comprehensive opinion, the District Court granted summary judgment in favor of The Nemours Foundation and Dr. Norwood, holding that the Workmans' lawsuit was untimely under Pennsylvania's statute of limitations for negligence cases. The District Court held that the statute of limitations for their cause of action began on the date that Ashley died (i.e., February 25, 2001). Because the statute of limitations for negligence actions in Pennsylvania is two years, and the Workmans filed suit on February 21, 2006, the District Court held that the Workmans' case was untimely.

The District Court also rejected the Workmans' claim that the statute of limitations was tolled under the fraudulent concealment doctrine. Specifically, the District Court held that Dr. Norwood's silence after Ashley's death did not constitute an affirmative act of concealment, nor did it constitute a breach of any fiduciary duty sufficient to toll the

statute of limitations. The District Court also determined that statements by Dr. Norwood after Ashley's death did not constitute fraudulent concealment because Ashley's death sufficiently put the Workmans on notice of the injury and its cause. Furthermore, the District Court held that statements by hospital staff members did not amount to fraudulent concealment because they were not misleading in any way. Finally, the District Court rejected the Workmans' contention that Dr. Norwood fraudulently concealed the true cause of Ashley's death by writing misleading and contradictory operating notes since the Workmans made no attempt to examine these records.

In our review of the District Court's ruling, we applied the same standard of review as the District Court. See MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005). Having independently examined the record and the briefs, we are satisfied that the District Court's judgment should be affirmed substantially for the reasons stated in the District Court's excellent opinion. The order granting summary judgment in favor of The Nemours Foundation and Dr. Norwood will be affirmed.

_____